United States District Court
Southern District of Texas
**ENTERED**
January 26, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT　　　　　　SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Angelo Rosario,　§<br>　　Petitioner,　§<br>　　　　　　§<br>v.　　　　　§<br>　　　　　　§<br>Bobby Lumpkin,　§<br>Director, Texas Department　§<br>of Criminal Justice, Correctional　§<br>Institutions Division,　§<br>　　Respondent.　§ | Civil Action H-20-1046 |

# Report and Recommendation

Angelo Rosario has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for murder. (D.E. 1.) The court recommends that the petition be dismissed with prejudice as time barred.

## 1. Background

On November 30, 1987, Angelo Rosario was found guilty of murder by a jury and sentenced to life in the Texas Department of Criminal Justice. (D.E. 13-2.) The Court of Appeals for the Fourteenth District of Texas affirmed the trial court's judgment on December 29, 1988. (D.E. 13-3.) Rosario did not file a petition for discretionary review in the Texas Court of Criminal Appeals (TCCA). (D.E. 1 at 3.)

Rosario filed his first of three state applications for writ of habeas corpus on November 4, 2002. (D.E. 13-4 at 7.) The TCCA denied relief on January 15, 2003. (D.E. 13-4 at 2.) Rosario filed later applications for habeas relief, all of which were denied.

Rosario filed his federal petition for writ of habeas corpus on March 17, 2020. (D.E. 1 at 11.)

## 2. Jurisdiction

Since the filing of his petition on March 17, 2020, Rosario has been released from state custody to parole and is now in immigration custody. (D.E. 15.) A person must generally be "in custody" for the court to exercise jurisdiction under AEDPA. *See* 28 U.S.C. §§ 2241(c)(3), 2254(a). Because a person on parole must live according to rules that significantly confine and restrain his freedom, he remains *in custody* for purposes of the habeas corpus statute. *See Jones v. Cunningham*, 371 U.S. 236, 241-42 (1963); *Ortiz v. United States*, No. EP-15-CV-131-DB, 2015 WL 2341956, at *2 n.12 (W.D. Tex. May 13, 2015). The court has jurisdiction.

## 3. Statute of Limitations under 28 U.S.C. § 2244

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets a one-year limitations period for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

>shall not be counted toward any period of limitation under this subsection.

*Id.*

Rosario falls under subsection (d)(1)(A), so generally the limitations period would begin when the time to seek direct review expired. Because Rosario's judgment was affirmed in 1988 and he did not file a petition for discretionary review, his conviction became final many years before the enactment of AEDPA's limitations period. In that case, Rosario had one year from AEDPA's April 24, 1996 enactment to file his federal petition. That is, until April 24, 1997. *See Flanagan v. Johnson*, 154 F.3d 196, 198, 202 (5th Cir. 1998).

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending does not count toward the one-year limitations period. "[A] state habeas petition is 'pending' for the purposes of tolling under § 2244(d)(2) on the day it is filed through (and including) the day it is decided." *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009). Rosario filed his earliest state habeas petition in 2002, more than five years after the expiration of AEDPA's one-year limitations period. As a result, statutory tolling does not apply. *See Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (finding no statutory tolling where a state habeas petition was filed after AEDPA's limitations period expired). No other statutory provision applies to extend the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

### 4. Equitable Tolling

The court may allow an untimely case to proceed if the facts present "sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Exceptional circumstances may include a situation where "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (quoting *Coleman*

*v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). To warrant tolling, a petitioner must also demonstrate that they diligently pursued their rights despite the extraordinary circumstances that stood in their way. *Id.* A petitioner bears the burden to show that equitable tolling should apply. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (*modified on partial rehearing by* 223 F.3d 797 (5th Cir. 2000)).

There is no evidence to suggest that equitable tolling should apply. In response to the question on the petition form seeking information about why the petition is late, Rosario explained that if the government can bring prosecutions many years after the commission of crime, he should be able to bring his petition late. (D.E. 1 at 10.) Equitable tolling does not apply.

*5. Conclusion*

The court recommends that Lumpkin's motion for summary judgment be granted and that Rosario's petition for writ of habeas corpus be dismissed with prejudice as time barred.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on January 26, 2021.

_____
Peter Bray
United States Magistrate Judge